UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

BENDER SHIPBUILDING & REPAIR CO.,
INC.                                                                            Case No. 09-12616-MAM

    Debtor

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY; FIREMAN'S
FUND INSURANCE COMPANY; THE
NORTHERN ASSURANCE COMPANY OF
AMERICA; GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK; INDEMNITY
INSURANCE COMPANY OF NORTH
AMERICA; and AMERICAN HOME
ASSURANCE COMPANY

    Plaintiffs

vs.                                                                              Adv. No. 09-01077

SEACOR MARINE LLC, and BENDER
SHIPBUILDING & REPAIR CO., INC.

    Defendants

## ORDER DENYING SEACOR'S MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST BENDER SHIPBUILDING

This adversary case is before the Court on the Motion of Seacor Marine LLC for

Judgment on the Pleadings against Bender Shipbuilding & Repair Co., Inc. This Court has

jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference

1

of the District Court. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying Seacor's Motion for Judgment on the Pleadings

## FACTS

The Court issued an order on December 28, 2009 denying in part and granting in part cross motions for dismissal by Seacor and Bender in this case. The Court stated facts alleged in Bender's cross claim. Those facts are incorporated by reference.

## LAW

A judgment on the pleadings pursuant to Fed. R. Bankr. P. 7012(c) is "appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. MAC Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). As stated in *Robert v. Abbott*, 2009 WL 902488, *3, n.4 (M.D. Ala. 2009),

> [a] Rule 12(b)(6) motion and a Rule 12(c) motion functionally serve the same purpose. However, a Rule 12(b)960 motion must be made before the responsive pleadings are filed while Rule 12(c) motions may be filed afterward.

Seacor seeks to have judgment on Counts One and Two of its Cross Claim . The Court will discuss each Count separately below.

## COUNT ONE

Seacor seeks a declaration "that Bender failed to procure and maintain Builder's Risk insurance on the Seacor Sherman (Vessel) in the amount of the Contract Price plus the value of the machinery, materials and the equipment provided by Seacor and installed by Bender and that Seacor is entitled to the Policy proceeds." Seacor Cross Claim, Count One. The Court already

2

sustained Seacor's motion to dismiss Bender's Cross Claim, Count One, ¶ 27(c) and concluded that Bender did underinsure the Vessel at least as it pertained to the Buyer-Furnished Equipment. However, Seacor, with this motion, seeks to have the Court carry that conclusion at least one step further. It seeks to have the lack of insurance on the Buyer-Furnished Equipment declared a "default" under the Contract of the parties and seeks to have the court find that entitles Seacor to all of the insurance proceeds.

The Court has addressed many of Seacor's issues about the insurance in its Fed. R. Bankr. P. 7012(b)(6) motion. The Court will not readdress what it has already ruled upon.

Seacor lists each of the defenses Bender raises in its answer and states why the defense does not prevent judgment on the pleadings for Seacor.

A.

Bender asserts that the Insurance Policy's Escalation Clause increased the Policy coverage amounts above $20 million. The Court has already ruled that, based upon the allegations in the pleadings, Bender has stated sufficient facts to make this defense survive dismissal.

B.

Bender asserts that, even if it did not procure sufficient insurance to satisfy the Contract, the default is not material because a partial loss would be within the policy limits. Bender and Seacor disagree about what its defense of materiality means. Bender asserts that it uses the defense of materiality in the context of a "material" breach of a contract. "Seacor's claims sounding in contract are barred, in whole or in part, because the facts upon which this action is base do not given rise to any material breaches or events of default under the referenced contracts

3

and agreements." Bender's Answer to Seacor's Cross Claim, Sixteenth Defense. Seacor, in its Motion for Judgment on the Pleadings, uses the term as it is used in the Contract between the parties. At ¶ 12(a)(iii), the Contract states that "failure to perform a material provision of the Contract creates a default."

Under either party's view of what Bender's materiality defense encompasses, the motion for judgment on the pleadings fails. Bender's view is supported by the facts stated in its cross claim. Bender asserts that there has been only a partial loss and the insurance covers all of the Agreed Value and the Buyer-Furnished Equipment was not damaged. Seacor alleges that any breach of the insurance provision is enough to put Bender in default since the insurance clause is a "material" clause of the Contract. Bender has provided ample case law to refute the granting of judgment on this ground at this time. In both cases cited by Seacor, NO insurance was in place. Failing to procure any insurance would likely be a "material" default. That is not the case in this suit.

C.

Bender asserts a defense of waiver. This issue was discussed and no dismissal or judgment was granted in the order on the Bender and Seacor motions to dismiss. For all of the reasons stated in the order of December 28, 2009, the motion of Seacor for judgment on the pleadings is denied.

D.

Bender asserts a defense of excuse based on ignorance to Seacor's claim that insurance had to be provided for the Buyer-Furnished Equipment. Bender alleges it did not know the value of the equipment that Seacor gave to it for installation on the Seacor Sherman. Based solely on

4

the facts alleged in the cross claims and answers, there are sufficient facts and law presented to preclude judgment on the pleadings. Bender states that it did not receive any information about the value of the equipment from Seacor and Seacor knew that Bender was not insuring the Equipment. Seacor also was insuring it in a policy of its own.

E.

Bender asserts that Seacor has not been harmed by its failure to insure the Buyer-Furnished Equipment because the Equipment was not damaged in the fire. Seacor asserts that regardless of harm, this is a breach of the parties' Contract. The Court has already denied Bender's claim to a declaration that it did not underinsure the Vessel under the Contract. The Court does not conclude that the failure to insure the Buyer-Furnished Equipment is a breach of the Contract as of this point in the case. This is due to the fact that Bender has asserted sufficient facts to assert claims/defenses of waiver, lack of damage, etc. The motion for judgment on the pleadings as to this defense is denied.

F.

Bender asserts that Seacor acquiesced in its underinsuring the Vessel because it owns a separate insurance policy on all of its vessels. Seacor claims it is entitled to judgment on the pleadings on this defense because, even if Seacor has its own insurance, that fact does not excuse Bender from complying with the Contract requirement of providing insurance. However, Bender has raised factual issues about whether there was waiver or acquiescence that would defeat this claim. Therefore, on that basis alone, this defense must be allowed to stand.

COUNT TWO

Seacor seeks "an allowed claim for Bender's breach of its obligation to procure and

maintain the amount of Builder's Risk insurance required under Article 19 of the Contract, plus interest." Seacor asserts that, since Bender failed to procure and maintain the required insurance, Seacor is due to receive all of the insurance proceeds from the Insurers. For all of the reasons stated above and in the order denying most of Seacor's motion to dismiss on Fed. R. Bankr. P. 7012(b)(6), the motion for judgment on the pleadings on this count must fail. There may not be a breach of the Contract and/or Bender may have defenses to the breach. The facts that support Bender's positions are sufficient as set forth in its Cross Claim and Answer to Seacor's Cross Claim.

THEREFORE IT IS ORDERED that the motion of Seacor for judgment on the pleadings against Bender is DENIED.

Dated: December 30, 2009

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

6